**SKINNER, Plaintiff-Appellant, v. FASCIANO, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23647.   Decided October 15, 1956.

Herbert A. Horn, John A. Pasquale, John A. Pasquale, of Counsel, for plaintiff-appellant.

Leanza, Bernard & Hodous, Robert F. Longano, of Counsel, for defendant-appellee.

## OPINION

By SKEEL, J:

This appeal comes to this Court on questions of law from a judgment of the Common Pleas Court of Cuyahoga County dismissing that part of petitioner's cause of action seeking reimbursement for funds expended for the support of the petitioner and the child of the parties between the time it is alleged the respondent abandoned his family and the date of the trial of this action. The action is being maintained on the authority of the "Support of Dependent Act" as provided in Chapter 3115 R. C.

Under the definition of §3115.01 R. C. of the Act, it is said:

"(F) 'Duty of support' means any duty of support imposed or imposable by law, court order, decree, or judgment, whether interlocutory or final, and whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise."

The legal right to reimbursement for money expended for support by one who has made such expenditures for the support of one entitled by law to support comes within this definition as "as duty of support imposed by law" when read in the light of the other provisions of the Act.

Sec. 3115.02 R. C., provides:

"The state, or a political subdivision thereof, having furnished support to an obligee, has the same rights under §§3115.01 to 3115.15, inclusive, R. C., as the obligee who received such support has to secure reimbursement of expenditures so made." (Emphasis added.)

Sec. 3115.10 R. C., provides:

"When a court of this state, acting as a court of a responding state, finds a duty of support, it may order the defendant to furnish support

or **reimbursement for support** and may subject the property of the defendant to the order.

"Such court shall transmit to the court of the initiating state a copy of all orders of support or for reimbursement of support."

The parties were married at Baton Rouge, Louisiana, December 24, 1941. A child was born of the marriage March 9, 1944. It is charged by the petitioner that the respondent abandoned his family and has failed to furnish support from June, 1949 to the date of the trial of this action. By the petitioner's amended and supplemental petitions she alleges and there is evidence in the record to support such allegation that she has expended seventy five dollars a month in furnishing support to the minor child of the parties because of the default of the respondent which would total about $5,300.00.

The trial court upon trial sustained the motion of respondent to dismiss that part of petitioner's claim seeking reimbursement and granted her claim for continuing support ordering the respondent to pay the petitioner $10.00 per week plus poundage for the support of his child.

There is now in full force and effect reciprocal laws on the subject of "Support of Dependents" available to residents of Ohio in the State of Louisiana (§13.1667 R. S.).

The right of the petitioner for reimbursement for funds expended for support under the foregoing provisions of the Ohio Law is one of first impression in this state. The purpose of the Support of Dependents Chapter (§3115 R. C.) is to enforce the civil liability against one who is in default of his obligation of support imposed by law and who has left the jurisdiction of the state where those who are entitled to such support reside, thereby obviating the necessity of subjecting the one charged with default of such support of being arrested and extradited to the jurisdiction of the default under the Criminal Law. This statute is one which the Court must construe liberally. **Sec. 3115.02 R. C.,** supra, shows conclusively that it was the purpose of the legislature to give full protection to a petitioner who has been abandoned without support by one who by law owes the duty of support. This section provides that a political subdivision that has donated support **"has the same rights** * * * as the **obligee** who received such support has to secure **reimbursement** of expenditure so made."

**Sec. 3115.10 R. C.,** supra, provides for the right of the petitioner to an order by the court against one who owes the duty of support "for reimbursement of support" when the evidence shows the relator was in default and had been in default prior to the date of the action.

These sections so clearly declare the right of the petitioner to reimbursement of money expended by her because of the relator's default that further discussion seems unnecessary.

For the foregoing reasons, the judgment of the Common Pleas Court, dismissing petitioner's claim for reimbursement, is reversed and the cause on that subject remanded for further proceedings according to law.

KOVACHY, PJ, HURD, J, concur.