BULIOX, PETITIONER, *v.* BULIOX, RESPONDENT.

Common Pleas Court, Allen County.

No. 46516. Decided January 5, 1962.

252

Mr. John R. Evans.
Mr. David R. Rodgers.

DAVISON, J. This matter was tried to the court on December 19, 1961. This case had previously been submitted to the court and new trial granted upon motion of the respondent after the court had entered an order directing respondent to make weekly payments for the support of two minor children.

It is to be noted that no divorce has been granted dissolving the marriage of the parties in this case, although it has been suggested through the testimony of the respondent that a divorce action may have been instituted against him in Milwaukee, Wisconsin; that this court has not previously obtained jurisdiction of the subject of this action and, hence, there is no existing decree which this court is required to consider in the disposition of this case (Section 3115.05, Revised Code); and the custody of the children involved in this case has never been made the subject of any court decree; that the evidence is clear that the respondent never lived in Wisconsin; that petitioner left respondent and took the two children of the parties and removed them to another state; that respondent has lived in the state of Ohio, city of Lima, and county of Allen throughout the entire period of time since March, 1953.

It is also apparent from the evidence in this case that the petitioner had previously left the respondent and had removed herself from Lima to Lexington, Mississippi, where she had remained from April, 1953 until May, 1955. Respondent has shown very little concern for his children. He never has inquired as to their whereabouts but seemed content for his wife

to have left him and taken the children with her, at least as to the separation commencing in May, 1955.

The respondent and the petitioner stand on equal terms so far as custody is concerned (Section 3109.03, Revised Code). In fact, the domicile of the children is legally the domicile of the husband and father, the respondent in this case. (See 18 Ohio Jurisprudence [2d], 180, where it is stated:

"The father is the natural guardian of the child and while the father lives, the domicile of the child is ordinarily the same as that of the father.") (See also cases cited therein.)

Nothing has happened, so far as any reasonable interpretation of the evidence is concerned, to change the fact that the domicile of the children in this case is in Lima, Allen County, Ohio. The Court finds that the evidence is insufficient to show any abandonment by the wife of the husband with cause. The petitioner has left this respondent three times. After the first abandonment, the respondent came to Ohio from Mississippi to find his wife and to be reconciled with her. She thereafter very shortly left him again and went back to Mississippi, where the first child was born. Many months later she ultimately was persuaded to return to her husband in Lima, Ohio. She then left him again and brought about the present separation and now resides in Milwaukee, Wisconsin, where she has also taken the two minor children.

The present separation is not shown to have occurred because of any aggression on the part of the respondent. There is some evidence that the parties quarreled; there is very slight evidence that these quarrels may have erupted into physical violence on both sides. Who was the aggressor in these domestic battles is not shown in the evidence.

It is established that the respondent provided for his family while they were together and although he took a drink now and then, he was not a drunkard. It is also established that since the last separation, the respondent has had a woman other than his wife living with him. Although there is a hint that this woman was involved in some degree with the last separation of the parties, there is no substantive evidence from which the court can find this to be a fact. In short, the evidence in this case is insufficient for the court to find that the petitioner

was compelled to or did abandon the respondent because of the latter's aggression.

Some assistance in the disposition of this matter may be derived from the case *In re Paul J. Poage*, 87 Ohio St., 72. This was a habeas corpus action; the defendant had been arrested for failing to support his minor child. Defendant was shown to have been a resident of Kentucky throughout the time involved. The defendant's wife had taken their minor child into Lawrence County, Ohio, and when the defendant failed to support said child in Lawrence County, Ohio, caused him to be arrested and charged with nonsupport by indictment of the Lawrence County grand jury. In passing upon the status of the proceedings the court, although it permitted the sheriff to retain custody of the defendant because he was being legally held under a grand jury indictment, said at page 84,

"Section 7996, General Code of Ohio, declares that: 'The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto.' This Statute means something, and all other legislation must be construed in the light of the rights, duties and authority of a husband so fixed and established by this law. If this defendant resided in Ohio, and if he had established a home for his wife and minor children, and his wife without any just cause therefor, and without his consent, and against his wishes and desires, abandoned this home, taking with her their minor children and refusing to permit them to return to the father and to the home provided by him for them, it is difficult to see how the father by mere neglect and failure to assert his legal right to the custody of his child or children would be guilty of an offense under this Statute (meaning the nonsupport Statute) so long as the minor child is receiving from the mother, or from some other person at the request of the mother, all that a father is required to provide for it. Any such interpretation of this Statute would make the provisions of Section 7996, General Code, absolutely nugatory and deprive the husband and father of all the right and authority given him thereby."

Section 7996, General Code, in force at the time of the decision in the *Poage case* is now identical with Section 3103.02, Revised Code. Although the *Poage case* was decided in 1912,

long before we had the Uniform Reciprocal Enforcement of Support Act, nevertheless it sets forth very succinctly the position of the Supreme Court of Ohio at that time with respect to a criminal prosecution against one who finds himself in exactly the same position as the respondent in the instant case. There is no change in the general law of Ohio with respect to the obligation of a father to support children in another state who have been taken away from an established home in Ohio without the consent or authority of the father and caused to reside by their mother in another state, which would be significant in determining such obligation. It is difficult for this court, as it was the Supreme Court in the *Poage case*, to so construe the laws of Ohio as to impose upon the respondent herein a duty to support children in a foreign state while the father still retains a domicile in Ohio, earns his living in Ohio, and apparently is ready, willing, and able to support his children in Ohio, and where the children have been taken away from him without any fault or aggression on his part.

The respondent is not a fugitive; he has never left his family and has never left the city of Lima, nor the county of Allen, nor the state of Ohio. He has continued to make his home therein and to make his living at the same place.

In the case of *Levi* v. *Levi*, 170 Ohio St., 533, 11 Ohio Opinions (2d), 364, it is stated in the syllabus:

"The Uniform Reciprocal Enforcement of Support Act effective in North Carolina and Ohio is a measure designed to afford a practical method, in addition to other remedies to enforce the legal obligation to support a dependent or dependents by one who has left the state in which the dependents reside."

Again, in the case of *Skinner* v. *Fasciano*, 75 Ohio Law Abs., 409, Judge Skeel, of the Eighth District Court of Appeals in his opinion at page 411 says:

"The purpose of the Support of Dependents Chapter (Section 3115, Revised Code), is to enforce the civil liability against one who is in default of his obligation of support imposed by law *and who has left the jurisdiction of the state where those who are entitled to such support reside,* thereby obviating the necessity of subjecting the one charged with default of such support of being arrested and extradited to the jurisdiction of

the default under the criminal law. This Statute is one which the Court must construe liberally. Section 3115.02, Revised Code, *supra*, shows conclusively that it was the purpose of the Legislature to give full protection to a petitioner *who has been abandoned* without support by one who, by law, owes the duty of support.'' (Emphasis added.)

This respondent has never left the state in which the petitioning dependents reside. The petitioning dependents, on the other hand, through the acts of the petitioner, have abandoned the respondent. It is true that since the last abandonment by the petitioner, the respondent has not sought her out to seek to reconcile nor to discover the whereabouts of or provide support for his children in another state. On the other hand, the petitioner and the dependents have known all along where the respondent is and could have returned to him at any time. He asserts, and without contradiction, that he has been, and is, ready, willing, and able now to support them in Lima, Ohio, where his and their legal domicile is. It follows, therefore, that this respondent does not fit the definition of one whom both the Supreme Court of Ohio and the Court of Appeals of Ohio have said the Uniform Enforcement of Support Act was designed to reach. And, more than this, he has not been shown by the evidence in this case to have caused the dependents to leave him and to leave the state of their former residence and their present legal domicile.

The court finds, therefore, that the respondent has not failed to support his minor children under the evidence as adduced in this case. This is not to say that under proper circumstances a father might be required to support children taken away from him by their mother. The court simply finds that in this case such circumstances have not been shown. Accordingly, the court, on the issues joined in this case, finds in favor of the respondent and against the petitioner and dismisses this action at the petitioner's costs.

Judgment may be prepared accordingly by counsel for the respondent and submitted to opposing counsel and to the Court.