COUNTY OF SAN DIEGO, APPELLEE, *v.* ELAVSKY, APPELLANT.

82

(No. 78-899—Decided May 2, 1979.)

84

Mr. *Stephan M. Gabalac*, prosecuting attorney, and *Mr. Robert W. Lowrey*, for appellee.

*Vasko, Howard & Morris Co., L. P. A.*, and *Mr. William E. Howard*, for appellant.

SWEENEY, J. The primary issue in this cause is whether the February 4, 1977, reduction of support payments in the local divorce case modified, by implication, the existing URESA support order. The resolution of this issue basically involves an interpretation of R. C. 3115.27 and 3115.28.

In interpreting these statutes, it is important to remember that a proceeding under the Uniform Reciprocal Enforcement of Support Act is a separate, independent action to enforce support obligations (see, *e. g., Skinner* v. *Fasciano* [1956], 75 Ohio Law Abs. 409, 137 N. E. 2d 613; *Stubblefield* v. *Stubblefield* [Tex. Civ. App. 1954], 272 S. W. 2d 633; *Whittlesey* v. *Bellah* [1955], 130 Cal. App. 2d 182, 278 P. 2d 511, certiorari denied 350 U. S. 821), and that "[t]he remedies provided * * * [therein] are in addition to, not in substitution for, any other remedies" (R. C. 3115.02). A situation where a relationship does exist be-

tween a URESA proceeding and a prior divorce decree is contemplated by R. C. 3115.27, which provides, in part:

"A responding court shall not stay the proceeding or refuse a hearing under sections 3115.01 to 3115.34, inclusive, of the Revised Code because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody in this or any other state. * * * If the other action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the complaint being heard, the court must conform its support order to the amount allowed in the other action or proceeding. * * *"

The trial court in the initial URESA action, on July 15, 1976, complied with that code provision when it conformed its support order to the existing order in the local divorce case. However, when the Court of Common Pleas, on November 1, 1977, approved the referee's reduction of the URESA payments retroactively to February 4, 1977 (the date of the last modification in the local divorce case), it also cited R. C. 3115.27 for the proposition that "when this court modified support payment in the divorce case, by implication, it also modified the support order in the reciprocal action * * *."

This was a misapplication of R. C. 3115.27 by the trial court. That statute provides that the court in the initial URESA proceeding must conform its order to an existing support order in the divorce action; it does not deal with what, if any, effect a subsequent modification in the divorce proceeding will have upon an *existing* URESA order. This latter situation is treated by R. C. 3115.28, which provides, in pertinent part:

"Any support order issued by a court of this state pursuant to sections 3115.01 to 3115.34, inclusive, of the Revised Code, * * * is not nullified by a support order made by a court of this state pursuant to any other law * * * regardless of priority of issuance, *unless otherwise specifically provided by the court. * * *"* (Emphasis added.)

The February 4, 1977, order in the local divorce case made no mention of the existing URESA order. Thus, if R. C. 3115.28 has any meaning there could not have been a modification by implication of the URESA order at that time.[2] The trial court's, and appellant's, interpretation of R. C. 3115.27 as requiring such a modification would completely abrogate the effect of R. C. 3115.28.[3]

It is a primary rule of statutory construction that courts should not construe one statute in a way that would abrogate, defeat, or nullify another statute, where a reasonable construction of both is possible. (See 50 Ohio Jurisprudence 2d 209, Section 229, and cases cited therein.) R. C. 3115.27 and 3115.28 can be reconciled if the applicability of the former section is limited to the initial URESA proceeding, as was done below when the July 15, 1976, URESA support order was conformed to the existing order in the local divorce case. Such a construction gives full effect to the commands of R. C. 3115.27 without conflicting with the provisions of R. C. 3115.28. Thus, in conclusion, the amount of support ordered in the initial URESA proceeding must conform to the amount determined in a previous divorce case, but once the URESA order is established, it is not automatically modified by a subsequent proceeding in the divorce action, unless the divorce court specifically so provides.

---

[2] In light of the facts presented, appellant's argument that there is a distinction between a "modification" and a "nullification," and that the former is not controlled by R. C. 3115.28 is not persuasive. Realistically, the reduction of support payments to 25 cents per week must be considered tantamount to a finding that a duty of support no longer existed. Furthermore, other courts that have considered the same situation, i. e., a URESA support order and a support order pursuant to a divorce decree, each in differing amounts, have held that their version of R. C. 3115.28 prohibits an implied modification by one of the other. See, e. g., *Banton* v. *Mathers* (1974), 159 Ind. App. 634, 309 N. E. 2d 167; *Campbell* v. *Jenne* (Mont. 1977), 563 P. 2d 574.

[3] The trial court's interpretation of R. C. 3115.27 also had the effect of predicating the amount of support ordered in the URESA action upon the denial of visitation rights by Esther Elavsky. This is prohibited by R. C. 3115.21. See, e. g., *McCoy* v. *McCoy* (1977), 53 Ohio App. 2d 331.

In an action such as the instant cause, R. C. 3115.28 must also be read in conjunction with R. C. 3115.07, which gave appellee the right to institute the URESA proceeding to secure reimbursement from appellant for the support it had furnished to appellant's dependent child, and to obtain further support.[4] Where a state or political subdivision is the petitioner in the URESA action, the court in the local divorce case should not be able to modify the URESA order, even if it so specifically provides, unless the URESA petitioner has had prior notice of the local proceeding and an opportunity to protect its interests therein. While the state or political subdivision will normally have the same rights as the individual obligee in such a case, it, rather than the parent or child, may be the party most desirous of enforcing those rights.[5] Thus, the Court of Common Pleas also erred when it held that Esther Elavsky was in essence the petitioner in the URESA case.

For the foregoing reasons the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, LOCHER and HOLMES, JJ., concur.

---

[4]R. C. 3115.07 reads as follows:

"If a state or political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under sections 3115.01 to 3115.34, inclusive, of the Revised Code, as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

[5]It has been said that R. C. 3115.07 "is important because there have been many cases where obligees are content to remain on relief rather than go to the trouble to sue." Brockelbank, Interstate Enforcement of Family Support, 36 (1971).