**JACOBS, Appellee and Cross–Appellant,**

v.

**JACOBS, Appellant and Cross–Appellee.**

[Cite as *Jacobs v. Jacobs* (1988), 62 Ohio App.3d 271.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–037.

Decided Dec. 2, 1988.

*Gary C. Newnham,* for Patricia Jacobs.

*John J. Schlageter,* for Robert Jacobs.

*Per Curiam.*

This cause comes on appeal from the January 13, 1988 judgment of the Lucas County Court of Common Pleas, Juvenile Division, in this Uniform Reciprocal Enforcement of Support ("URESA") action.

The appellant/cross-appellee, Patricia Jacobs, and appellee/cross-appellant, Robert Jacobs, were married on September 27, 1969. The sole child of that marriage is Gena Faye Jacobs, born July 21, 1970. The parties were divorced on March 24, 1971 by decree of the Lucas County Court of Common Pleas, Domestic Relations Division. Appellant was awarded custody of the child and appellee was ordered to pay $10 per week for child support, as well as any extraordinary medical expenses. Appellee paid $240 in child support in September 1971. No other child support or medical payments have been made.

Appellant filed a petition under URESA in the initiating court, the Juvenile Court of Memphis and Shelby County, Tennessee. In that petition, she sought child support arrearages of $8,110 for March 17, 1971 to March 31, 1987. The

URESA petition with supporting documents was filed in the Lucas County Court of Common Pleas, Juvenile Division, on July 14, 1987.

The referee's report, filed on September 2, 1987, found that appellee had a duty to support his child, ordered him to pay $10 per week plus poundage for child support from April 1, 1987, and awarded appellant a lump sum judgment of $8,100 in child support arrearages through March 31, 1987. The lump sum judgment was required to be paid at the rate of $65 per week plus poundage, beginning August 28, 1987.

Appellee filed objections to the referee's recommendations and appellant filed a motion to modify child support, set payment on arrearages, and reimburse medical expenses. At a hearing held on appellant's motion and appellee's objections, the court held, *inter alia*, that it had no jurisdiction pertaining to child support arrearages and past medical expenses. The court, however, upwardly modified the 1971 support order to $100 per week plus poundage.

From this order, appellant filed a timely notice of appeal and asserts as her sole assignment of error:

"The trial court erred in holding that it has no jurisdiction to issue an order pursuant to the Uniform Reciprocal Enforcement of Support Act on child support arrearages and past medical expenses."

Appellee cross-appealed, offering as his sole assignment of error:

"The Lucas County Common Pleas Court, Juvenile Division, erred in holding that the Lucas County Common Pleas Court, Juvenile Division, as the responding court in a URESA action, had jurisdiction to upwardly modify the prior support order emanating from the Lucas County Common Pleas Court, Division of Domestic Relations, under the provisions of the Uniform Reciprocal Enforcement of Support Act."

In addressing the parties' contentions, we note the framework recently established by this court in *Lambright v. Pullen* (June 3, 1988), Lucas App. No. L–87–279, unreported, 1988 WL 57506:

"A Uniform Reciprocal Enforcement of Support Act (hereinafter URESA) action initiated pursuant to R.C. 3115.01, *et seq.*, is a separate independent proceeding brought to enforce a parental support obligation. The remedies provided in URESA are in addition to those available elsewhere to an obligee. *San Diego v. Elavsky* (1979), 58 Ohio St.2d 81, 84 [12 O.O.3d 88, 90, 388 N.E.2d 1229, 1232]. The statutory scheme of R.C. [Chapter] 3115 is to be given liberal construction in order to effectuate its primary purpose of *enforcing* 'the civil liability against one who is in default of his obligation of

support imposed by law.  * * *' *Skinner v. Fasciano* (1956), 75 Ohio Law Abs. 409, 411 [137 N.E.2d 613, 615]."

■ Appellant's sole assignment of error will be considered first. Ohio's URESA statute is comprised of R.C. 3115.01 to 3115.34, inclusive, and R.C. 3115.08 delineates the subject matter jurisdiction of a URESA court. R.C. 3115.08 states, in part:

"(A) All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under sections 3115.01 to 3115.34, inclusive, of the Revised Code, including a proceeding for civil contempt.  * * * "

Therefore, if a foreign support order is properly registered in the appropriate Ohio court, that court has the jurisdiction to treat the foreign order the same as it would an Ohio support order. *Lambright, supra;* R.C. 3115.32(G). *Lambright* dealt with a URESA action in the context of whether the responding court has jurisdiction to enforce child support arrearages after the child reached her majority. More generally, we said therein that the prior support order having been properly registered in the trial court, that court then had the jurisdiction to enforce an existing duty of support as to arrearages. Moreover, this court noted that the *purpose* of the act is to facilitate the payment of pre-existing child support obligations. *Lambright, supra.* Similarly, this court said in *Nazer v. Klingaman* (Dec. 30, 1982), Ottawa App. No. OT–82–23, unreported, 1982 WL 6701, that a court has jurisdiction to order support payments in the amounts required by the prior support order. The Ohio Supreme Court in *San Diego v. Elavsky* (1979), 58 Ohio St.2d 81, 87, 12 O.O.3d 88, 91, 388 N.E.2d 1229, 1233, held that the obligee (or, as in that case, the county providing support to the obligor's offspring) may institute a URESA proceeding to secure reimbursement from the obligor.

In *Levi v. Levi* (1960), 170 Ohio St. 533, 11 O.O.2d 364, 166 N.E.2d 744, the Ohio Supreme Court did not directly address the issue of the responding court's jurisdiction to enforce child support arrearages. However, the court did find that the lower court proceedings which had *ordered* support for the wife and children were in compliance with R.C. 3115.08. By affirming the overruling of defendant's motion to vacate and set aside the support, enforcement, and contempt orders, the court assumed that jurisdiction to enforce a prior support order existed.

A further review of the URESA statutory provisions shows even more clearly that the responding court in a URESA proceeding has the jurisdiction to enforce the duty to pay arrearages. R.C. 3115.01(A) enumerates the purposes of the URESA statute as being " * * * to improve and extend by reciprocal legislation the enforcement of duties of support." And the "duty of

support" includes the payment of arrearages. R.C. 3115.01(B)(6) provides as follows:

" *'Duty of support'* means any duty of support imposed or imposable by law, or by order, decree, or judgment of any court, whether interlocutory or final, and whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise and *includes the duty to pay arrearages of support past due and unpaid.*" (Emphasis added.)

In addition, R.C. 3115.22, in providing for payment and enforcement of support orders, states in part that:

"(A) If the responding court finds a duty of support, it may *order the obligor to furnish* support or *reimbursement for support* and may subject the property of the obligor to the order. * * * " (Emphasis added.)

█ By case law and statute, the responding court does have jurisdiction to enforce the duty to pay arrearages. Appellant in the case *sub judice* seeks arrearages for child support and medical expenses. Both, as part of the original support order, are obtainable in a URESA proceeding. See R.C. 3115.01(B)(6). Appellee does not contend that arrearages in either child support or medical expenses are not the proper subject of a URESA action. Rather, he argues that appellant has not complied with the necessary registration requirements so as to confer jurisdiction upon the juvenile division to order reimbursement of *medical expenses.* Specifically, appellee contends that the certificate and order filed July 14, 1987 in the juvenile division does not contain a claim for medical expenses and that the trial court therefore has no jurisdiction to enforce payment of medical expenses.

R.C. 3115.09 provides, in part:

"(A) The complaint shall be verified and shall state the name and, so far as known to the obligee, the address and circumstances of the obligor and the persons for whom support is sought, and shall state all other pertinent information. * * * "

Appellant has filed both a complaint and an amended complaint. The amended complaint, as well as the original, meets the strictures of R.C. 3115.09(A): both are verified and provide the name, address, and circumstances of the obligor and the child for whom support is sought.

R.C. 3115.32 contains additional requirements the obligee must meet in order to register a foreign support order. R.C. 3115.32 provides, in part:

"(E) An obligee seeking to register a foreign support order in a court of this state shall transmit to the clerk of the court: * * * (3) a statement verified and signed by the obligee, showing the post office address of the obligee, the last known place of residence and post office address of the

obligor, [and] *the amount of support remaining unpaid * * *.* Upon receipt of these documents the clerk of the court * * * shall file them in the registry of foreign support orders. The filing constitutes registration under this section." (Emphasis added.)

These procedural requirements were also met by appellant. Although appellant's original complaint alleged only child support arrearages, the amended complaint shows arrearages as to medical expenses. Because the responding court in a URESA action has the jurisdiction to enforce arrearages and because appellant has properly registered her petition, we find appellant's assignment of error well-taken.

■ Next we turn to the cross-appellant's sole assignment of error, whereby he argues that a responding court in a URESA action has no jurisdiction to upwardly modify a child support order. This court noted in *Nazer, supra,* that while the URESA statutory scheme is to be given a liberal construction, jurisdictional aspects of the statute cannot be overlooked.

R.C. 3115.27 governs the relationship between the URESA action and the prior support order, stating in part that:

"A responding court shall not stay the proceeding or refuse a hearing under sections 3115.01 to 3115.34, inclusive, of the Revised Code because of any *pending or prior action* or proceeding *for divorce * * * in this or any other state.* * * * If the other action or proceeding is *concluded before the hearing in the instant proceeding* and the judgment therein *provides for the support demanded* in the complaint being heard, the court *must conform its support order to the amount allowed in the other action or proceeding.* * * * *"* (Emphasis added.)

The Ohio Supreme Court stated in *Elavsky, supra,* that the statute requires the court in the initial URESA action to conform its order to an existing support order from the divorce action. The court then held that "the amount of support ordered in the initial URESA proceeding must conform to the amount determined in a previous divorce case, but once the URESA order is established, it is not automatically modified by a subsequent proceeding in the divorce action, unless the divorce court specifically so provides." *Elavsky, supra,* 58 Ohio St.2d at 86, 12 O.O.3d at 91, 388 N.E.2d at 1233.

Here, the domestic relations division, which entered the divorce decree and support order, has not modified that order, nor has there been a prior URESA proceeding. Therefore, the juvenile division was bound, in the proceedings below, to conform the support it ordered to the amount in the original support order. As this court said in *Nazer, supra:*

"The trial court was without the subject matter jurisdiction in the initial URESA action to order an *increase* in appellant's weekly child support payment beyond the amount of the original [domestic relations] support order. * * * The court, of course, has jurisdiction to order support payments in an amount equal to that ordered in the [domestic relations] support order." (Emphasis *sic.*)

Similarly, the Twelfth District Court of Appeals held in *Briggs v. Briggs* (Mar. 3, 1987), Clermont App. No. 86–09–064, unreported, 1987 WL 7177, that "a URESA court does not have the jurisdiction to increase an existing support order where there is no comparable modification emanating from the court which rendered the original support order."

Therefore, we find that the juvenile division had no jurisdiction to order an increase in the amount of weekly child support payments from the 1971 support order. For this reason, the cross-appellant's sole assignment of error is found well-taken.

On consideration whereof, this court finds that substantial justice has not been the parties complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby reversed on both the appeal and the cross-appeal. This cause is remanded to that court for proceedings consistent with this decision. Costs assessed equally against both parties.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.