CASALE, Appellee,

v.

CASALE, Appellant.

[Cite as *Casale v. Casale* (1989), 61 Ohio App.3d 118.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55830.

Decided March 13, 1989.

*John T. Corrigan,* prosecuting attorney, and *Michael P. Maloney,* for appellee.

*Anthony G. Palmieri, Jr.,* for appellant.

*Per Curiam.*

Samuel Casale appeals a judgment of the domestic relations court in an action by his former wife, Mary Casale, to enforce alimony and child support obligations under the Uniform Reciprocal Enforcement of Support Act ("URESA") (R.C. Chapter 3115).

Mary Casale was granted a divorce from appellant on March 9, 1983 in the Superior Court of New Jersey, Chancery Division, Camden County. The divorce decree incorporates a settlement agreement in which the parties stipulated to various matters including appellant's duty to pay $414 per month in alimony and $390 per month in child support.

The New Jersey court modified its order by an agreed judgment entered on May 23, 1985. The consent order required appellant to pay $107.50 per month in alimony and $430 per month in child support. The court also found arrearages of $1,200 in alimony and $1,000 in medical expenses.

On October 17, 1986, the court again reviewed its order and resolved issues of medical, educational and mortgage expenses. The court continued appel-

lant's existing obligations of alimony and child support. An order entered on May 26, 1987 found that appellant was in arrears $4,076 in his alimony and support payments.

Mary Casale filed her URESA action in the New Jersey court on October 30, 1987. The petition alleged that appellant was living in Bay Village, Ohio, that he had not paid support since May 1987, and that a New Jersey action was pending seeking $1,074 in arrearages. The complaint included records from the New Jersey support bureau which showed that appellant was $1,079.50 in arrears as of August 6, 1987.

The Common Pleas Court of Cuyahoga County, Domestic Relations Division, referred the case to a referee for a hearing on the petition. According to the referee's report, appellant disputed that he was in arrears, and testified his New Jersey attorney possessed supporting evidence in the form of cancelled checks. An assistant county prosecutor represented Mary Casale's interests and told the referee that Ms. Casale maintained she had not been paid since November 1987. Appellant further informed the referee that a hearing was scheduled within two weeks in the New Jersey court on the issue of arrearages.

The referee recommended that the May 23, 1985 New Jersey consent order be adopted, and that appellant be required to pay the amounts ordered therein through the Cuyahoga County support bureau. The referee recommended that any determination of arrearages should be continued pending resolution of the issue by the New Jersey court. Finally, the report recommended that the court order appellant, who was self-employed, to post a $510 cash bond to secure his compliance.

The domestic relations court overruled appellant's objections and adopted the referee's findings and recommendations. Appellant timely appealed, raising a single assignment of error:

"The trial court errored [sic] in accepting the findings of fact and conclusions of law contained in the referee's recommendations and ordering that this court:

"(1) adopting [sic] the support order relating back to the consent order of May 23, 1985 of the Camden County Court and

"(2) further order that appellant should post a cash bond for the reason that:

"(a) this [sic] court should have had no jurisdiction over the case by virtue of orders entered in the Superior Court of New Jersey, Camden County, entered March 30, 1988 and May 16, 1988 staying all actions in other jurisdictions and

"(b) the referee and trial court should have granted a continuance pursuant to O.R.C. Section 3115.18."

Appellant argues the domestic relations court lacked jurisdiction to hear the URESA action because modification proceedings were pending simultaneously in the New Jersey divorce court. Appellant maintains he requested the referee to continue the matter until the New Jersey decision, and to allow him additional time to obtain evidence. Although no orders were issued in the New Jersey proceedings in time to be included in appellant's objections to the referee's report, appellant has attached copies of two New Jersey orders to his appellate brief. These entries, dated March 30 and May 16, 1988, order discovery by the parties and purport to stay all proceedings between the parties pending in any jurisdiction.

The problem of jurisdictional conflicts is addressed in R.C. 3115.27 and 3115.28. The responding court in a URESA action, in this case the Cuyahoga County court, must conform its support order to the amount determined in the divorce case. R.C. 3115.27; *San Diego v. Elavsky* (1979), 58 Ohio St.2d 81, 12 O.O.3d 88, 388 N.E.2d 1229, paragraph one of the syllabus. Thus, the domestic relations court properly adopted the May 23, 1985 New Jersey order setting appellant's current obligations. URESA further provides, in R.C. 3115.27, that the responding court "shall not stay enforcement of its support order because of the retention of jurisdiction for enforcement purposes by the court in the other action or proceeding."

Once the responding court has issued a URESA order, it is not modified by subsequent proceedings in the divorce action unless the divorce court expressly so provides. R.C. 3115.28; *Elavsky, supra.*

When these provisions are construed together it is apparent there was no jurisdictional conflict in the case before us. Although the New Jersey order purports to stay all other proceedings, the order did not in any way relieve appellant of his duty to continue paying the support ordered in the May 23, 1985 judgment. Appellant is now merely required to make the payments in Ohio rather than New Jersey. As the court explained in *Elavsky, supra,* the URESA order should not affect appellant's ability to obtain a modification of his obligations, provided that any New Jersey modification order expressly refers to the URESA order. Moreover, the URESA court, in the exercise of its continuing jurisdiction, has the authority to consider any New Jersey orders rendered subsequent to the URESA judgment.

The Cuyahoga County court in fact facilitated appellant's efforts in New Jersey by continuing the proceedings until the New Jersey court resolves

the issue of arrearages. Thus, while the Cuyahoga County court was empowered by R.C. 3115.18 to grant appellant a continuance to obtain evidence, no additional evidence was necessary for the court to accomplish its limited purposes. A certified copy of the 1985 consent order was sufficient to establish appellant's duty of support. See R.C. 3115.21.

Finally, the court did not err in ordering appellant to post a cash bond of $510. The imposition of a bond is expressly authorized by R.C. 3115.23(A), and the specific terms of appellant's bond comply with the requirements of R.C. 3113.21(D)(6).

Accordingly, appellant's assignment of error is overruled, and the judgment of the domestic relations court is affirmed.

*Judgment affirmed.*

JOHN F. CORRIGAN, P.J., PRYATEL and WIEST, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.