LOGAN, Appellant,

v.

VICE, Appellee.

[Cite as *Logan v. Vice* (1992), 79 Ohio App.3d 838.]

Court of Appeals of Ohio,
Adams County.

No. CA–523.

Decided May 6, 1992.

*Charles H. Wilson, Jr.,* for appellant.

*Young, Caldwell & Bubp* and *Gregory A. Carroll,* for appellee.

HARSHA, Judge.

This is an appeal from a judgment entered by the Adams County Court of Common Pleas granting the motion of Randy Nelson Vice, defendant-appellee, to impound his child support payments in a Uniform Reciprocal Enforcement of Support Act ("URESA") action brought by Kathleen Logan, plaintiff-appellant.

Appellant assigns the following error:

"Plaintiff-appellant states that there was error in the judgment and order of the court below in that the court improperly impounded support payments in a URESA action until such time as the non-custodial parent was granted visitation rights with the minor child of the parties, the court not being the issuing court for the prior order of support or visitation and the custodial parent and child having never been within the court's jurisdiction."

On August 25, 1978, the parties were married in Tennessee, and their child, Kristy, was subsequently born. On July 10, 1981, the Circuit Court for Fleming County, Kentucky entered a decree dissolving the parties' marriage, awarding custody of Kristy to appellant, and ordering appellee to pay child support in the amount of $12.50 per week. The court also awarded visitation with the child to appellee. On July 12, 1985, the Circuit Court for Fleming County, Kentucky found appellee in contempt of its prior support order and increased the child support order to $25 per week. Appellant and the parties' child subsequently moved to Kouts, Indiana, while appellee moved to Manchester, Ohio.

On June 27, 1991, appellant filed a "Uniform Support Petition" in the Circuit Court for Fleming County, Kentucky. Appellant requested child support, medical coverage, and arrearage in child support to be ordered by the Kentucky court. The total arrearage in child support owed to appellant as of June 7, 1991 was specified as $3,662.50. On August 7, 1991, the foregoing complaint was filed in the court below. A hearing was held shortly thereafter at which appellee testified that he stopped paying child support in 1988 after appellant effectively denied him visitation with the parties' child. Appellee further testified that his arrearage on child support was $3,662.50 as of June 7, 1991 and that although he was unemployed, he would be able to pay $500 on that arrearage amount as of the hearing date.

Additionally, at the foregoing hearing, appellee's counsel orally moved that appellee's child support payments be impounded or held in escrow until he was allowed visitation with the parties' minor child. The lower court then stated as follows:

"Well, I don't think the issue, your issue is not necessarily before the court today, but I tell you what, I'd like to read the cases. What I'd like to do is * * * I'm going to make an order here that I hope is, has some water. I think that * * * well, he doesn't deny that the $3662.50 is what the arrearage would be. He does not dispute that, as of June 7 * * * I think it was * * * of '91, that he does not dispute that that was the amount. The Court will find that that is the amount of arrearage due. Will also find that support due based upon the guidelines of his imputed income of $8.00 an hour, 40 hours a week. I don't know what else I can do. He's also ordered, since he says he can pay

the $500.00, to pay the $500.00 in to the Bureau of Support. *The Court's going to also hold that* if Mr. Carroll will file a paper, the Court will * * * he's made his motion and I'll grant a motion on the verbal motion that he be permitted, he didn't put it in these words, but *he be permitted to file some responsive pleadings in this matter here raising the issue about visitation. In the meantime, I would like the support order, the support's that paid,* be it $500.00 now or any other in compliance with the order, that it *be held in escrow until we resolve the visitation issue.* I frankly do not want to be a party to some of this stuff that goes on. You know, I feel very strongly about people paying their support. I feel just as strongly that they should have visitation with their children." (Emphasis added.)

Pursuant to the court's instructions, on August 29, 1991, appellee filed a motion requesting that the court of common pleas impound all child support payments due and owing from him to appellant until such time as appellant permitted visitation and further requested an order establishing extended and special visitation. Appellee's motion indicated, in conformance with his previous testimony, that he had withheld child support from appellant because she intentionally interfered with his court-ordered visitation.

On October 10, 1991, the court below filed a "JUDGMENT ENTRY" which determined that the child support arrearage owed by appellee was $3,662.50 as of June 7, 1991. The court established visitation for appellee and further ordered appellee to pay $500 on the arrearage to the Adams County Child Support Enforcement Agency "which will be held by said Agency until such time as the question concerning visitation is resolved." The court additionally ordered that the matter be "continued pending the completion of the determination of arrearage as of the date of the hearing and current child support."

Appellant's sole assignment of error asserts that the court below erred in impounding support payments in a URESA action until such time as the noncustodial parent was afforded visitation rights with the parties' minor child. Prior to a consideration of the merits of the instant appeal, we must determine if the entry appealed constitutes a final appealable order. Section 3(B)(2), Article IV of the Ohio Constitution provides that "[c]ourts of appeals shall have jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Every final order may be reviewed on appeal. R.C. 2505.03(A). R.C. 2505.02 defines three types of final orders: (1) an order affecting a substantial right in an action which, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a

judgment or granting a new trial. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 66–67.

It is axiomatic that subject-matter jurisdiction may not be conferred upon a court by agreement of the parties, may not be waived, and is the basis for mandatory *sua sponte* dismissal. *State ex rel. Lawrence Dev. Co. v. Weir* (1983), 11 Ohio App.3d 96, 97, 11 OBR 148, 149, 463 N.E.2d 398, 399; *Wilson v. Patton* (1988), 49 Ohio App.3d 150, 152, 551 N.E.2d 625, 627; see, also, *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537.

The instant case was a URESA action. In the context of that action, appellee requested impoundment of any ordered child support pending appellant's compliance with the ordered visitation. Initially, we note that the entry appealed from explicitly continued the case for a determination of the total amount of arrearage and to establish current child support. Accordingly, the single "claim" of the URESA action was not decided, and the entry did not constitute a final appealable order. Cf., *e.g., In re Berman* (1990), 69 Ohio App.3d 324, 329, 590 N.E.2d 809, 812. Furthermore, the parties appear to interpret the lower court's "JUDGMENT ENTRY" as expressly impounding *any* child support pending compliance of appellant with court-ordered visitation. However, the court below only ambiguously ordered $500 in child support arrearage impounded until the "question concerning visitation is resolved."

It has been held that where, in the interest of justice, it is essential for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, the reviewing court must examine the entire journal entry and the proceedings. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 551 N.E.2d 172, paragraph one of the syllabus; *A.B. Jac, Inc. v. Liquor Control Comm.* (1972), 29 Ohio St.2d 139, 58 O.O.2d 342, 280 N.E.2d 371, paragraph two of the syllabus. In the case at bar, there is an issue as to what was the court's "JUDGMENT," rather than necessarily its reasons for the judgment. In reviewing the record of the proceedings below, it is apparent that the lower court only ordered that the $500 be held in escrow until it decided whether or not it could properly impound all child support until appellant complied with court-ordered visitation. In effect, the common pleas court decided in its October 10, 1991 entry to subsequently decide the issue and ordered the temporary escrow of the $500 pending its final determination concerning the propriety of an escrow order where visitation had been denied by the custodial parent. Accordingly, the entry appealed, though labeled a "JUDGMENT ENTRY," did not constitute a final appealable order. See *Utah ex rel. Crouse v. Herroon* (Mar. 25, 1987), Summit App. No. 12894, unreported, 1987

WL 8470, where the Ninth Appellate District dismissed an appeal of an entry rendered in a URESA action where the order appealed contemplated future action by the trial court. Hence, the appeal is dismissed.

Although the merits of the appeal are not before this court, we note that, apparently, a substantial amount of time has passed without resolution of the impoundment issue or the URESA action by the trial court. Due to the fact that the parties' child is not receiving any support at this time, we feel compelled to address such issue for the benefit of the court below in the hopes that this matter will be expedited. As appellant notes, the issue of whether a court possesses the authority to impound support payments as a sanction for contempt of a visitation order, has been addressed by the Third Appellate District in *Fry v. Fry* (1989), 64 Ohio App.3d 519, 582 N.E.2d 11, where it held at 522, 582 N.E.2d at 13:

"We are cognizant of the authority cited by the defendant wherein impoundment of child support payments was held to be an appropriate remedy under the express provisions of former R.C. 3115.21(B), when the obligee prevents the obligor from exercising a right of visitation. See *Brown v. Brown* (1984), 16 Ohio App.3d 26, 16 OBR 28, 474 N.E.2d 613. See, also, *Foster v. Foster* (1974), 40 Ohio App.2d 257, 69 O.O.2d 250, 319 N.E.2d 395, holding that former R.C. 3109.05 authorizes the trial court to give relief through a just modification of an order of support to a parent continuously or repeatedly prevented from exercising a right to visit a child by the child's refusal to visit with him.

"However, subsequent to the decisions in *Brown, supra,* and *Foster, supra,* the General Assembly amended R.C. 3109.05 and 3115.21 (effective October 5, 1987) to omit any reference to the impoundment of child support payments or the modification of child support orders as appropriate relief for the failure to allow visitation. See 142 Ohio Laws, Part II, 2709, 2738. Consequently, we find that the trial court lacked the authority to suspend or modify the defendant's child support obligations either as relief for the plaintiff's interference with visitation or as a sanction for contempt of the visitation order."

The 1987 legislative amendment eliminated former R.C. 3115.21(B), which had authorized a court to impound funds in URESA proceedings when an obligor was prevented continuously and repeatedly from exercising his right of visitation. Baldwin's Ohio Domestic Relations Law (Supp.1991) 127, T 41.01(D). Moreover, in a subsequent amendment to R.C. 3109.05, Am.Sub. H.B. No. 591, effective April 12, 1990, *i.e.,* prior to the URESA action in the instant case, the General Assembly provided that:

"(D) *The court shall not authorize or permit the escrowing, impoundment, or withholding of any child support payment ordered under this section or any other section of the Revised Code because of a denial of or*

*interference with a right of companionship or visitation* granted in an order issued under this section, section 3109.11, section 3109.12, or any other section of the Revised Code, *or as a method of enforcing the specific provisions of any such order dealing with visitation."* (Emphasis added.)

■ Accordingly, the General Assembly has evinced its manifest intention that modification or denial of child support may not be used either as a mechanism for enforcing visitation orders or punishing noncomplying custodial parents. *In the Matter of Moore* (Mar. 28, 1991), Marion App. No. 9–90–20, unreported, 1991 WL 44188. Appellee relies on *Rodriguez v. Rodriguez* (1988), 61 Ohio Misc.2d 112, 575 N.E.2d 519, which carved out an equitable exception to the impoundment preclusion in those cases where the issuing court possesses inherent equitable power to order support payments impounded until compliance with its orders had been effected. However, *Rodriguez* appears not to be persuasive authority in light of the 1990 amendment to R.C. 3109.05, the 1987 amendment deleting such authority in R.C. 3115.21(B), and *Fry, supra.* Additionally, *Rodriguez*'s equitable exception only extended the power of impoundment for denial of or interference with visitation to the court which issued the support order. In the case *sub judice,* the lower court was not the issuing court.

■ Consequently, on remand, the court below is not authorized to impound or permit the escrowing of child support payments because of appellant's alleged denial of visitation or as a method of enforcing the visitation order. Additionally, the common pleas court would be without subject-matter jurisdiction in the URESA action to order upward modification in child support beyond the amount in the Kentucky support order which is being enforced. *Jacobs v. Jacobs* (1988), 62 Ohio App.3d 271, 575 N.E.2d 480; *Briggs v. Briggs* (Mar. 2, 1987), Clermont App. No. CA86–09–064, unreported, 1987 WL 7177. Based upon the lack of a final appealable order, the appeal is dismissed.

*Appeal dismissed.*

STEPHENSON, P.J., and PETER B. ABELE, J., concur.