MECCA FOR FAIR GOVERNMENT et al., Appellants,

v.

MECCA TOWNSHIP BOARD OF TRUSTEES et al., Appellees.

[Cite as *Mecca for Fair Govt. v. Mecca Twp. Bd.
of Trustees* (1997), 123 Ohio App.3d 610.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5570.

Decided Nov. 3, 1997.

*William M. Roux* and *Mark S. Finamore,* for appellants.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *James M. Miller,* Assistant Prosecuting Attorney, for appellees.

CHRISTLEY, Judge.

This is an accelerated appeal taken from a final judgment of the Trumbull County Court of Common Pleas. Appellants, Mecca for Fair Government and various members of the organization, appeal from the trial court's decision denying their request for injunctive relief and dismissing their cause of action against appellees, the Mecca Township Board of Trustees and its individual members.

In August 1995, appellees passed a resolution expressing their intent to acquire land for the purpose of creating a township park. Appellees subsequently purchased a tract of land on behalf of Mecca Township in December 1995.

Mecca for Fair Government is a political action committee operating in Mecca Township. In April 1996, appellants presented appellees with a petition. The petition requested that appellees organize a park district in order to establish a free public park within Mecca Township pursuant to R.C. 511.18 *et seq.* In

accordance with the statute, the petition contained the names of valid township electors in a number equal to or in excess of one-tenth of the total vote cast in Mecca Township during the preceding general election.

Notwithstanding the filing of this petition, appellees continued to carry out their prior initiative to develop the township park. As a result, appellants filed a civil action in the trial court against appellees on May 14, 1996. Attached to the complaint were a motion for a temporary restraining order ("TRO") and a motion for a preliminary injunction pursuant to Civ.R. 65. The TRO motion alleged that immediate and irreparable injury would be caused to appellants if appellees were allowed to go beyond the initial stages of creating the township park. The injunctive motion asked the trial court to enjoin appellees from developing the park until such time as the rights of the parties were determined by the court.

Appellants subsequently withdrew their TRO motion. On May 24, 1996, the trial court held a hearing on appellants' remaining motion for injunctive relief. Both parties were permitted to file supplemental briefs explaining their respective positions on the question of whether a township board of trustees has the authority to continue developing a park after a petition is filed under R.C. 511.18 requesting the creation of a park district.

The trial court issued its judgment entry on September 16, 1996. In its decision, the trial court ruled that there is no statutory requirement that a township board of trustees cease the development of a township park upon the filing of an R.C. 511.18 petition. As such, the trial court denied appellants' request for the issuance of an injunction and dismissed the underlying cause of action.

From this judgment, appellants timely filed the present appeal with this court, in which they assert the following assignments of error:

"[1.] The trial court erred to the prejudice of Appellants by finding that Appellees can proceed pursuant to Ohio Revised Code [section] 505.26 even though a petition is filed pursuant to Ohio Revised Code [section] 511.18, where the clear legal precedent and analysis establishes otherwise.

"[2.] The trial court erred to the prejudice of Appellants in finding that Appellees can 'create' a township park pursuant to Ohio Revised Code [section] 505.26 when Appellees failed to produce any evidence that they exercised any power under that section."

Appellants' first assignment raises what is essentially a question of statutory interpretation. Specifically, the interrelationship between R.C. 505.26 and 511.18 is at issue. R.C. 505.26 provides in part:

"The board of township trustees may purchase, appropriate, construct, enlarge, improve, rebuild, repair, furnish, and equip a township hall, *a township park,*

public library buildings, and bridges and viaducts over streets, streams, railroads, or other places where an overhead roadway or footway is necessary, and such board may acquire sites by lease or otherwise for any of such improvements, including lands and buildings for recreational purposes." (Emphasis added.)

As the text of the statute makes clear, R.C. 505.26 confers upon a board of township trustees the power to establish a township park. Such board may acquire whatever land and buildings it deems appropriate for the purpose of creating the park.[1]

R.C. 511.18 states in part:

"(A) When any number of electors in a township, including the electors of all municipal corporations therein, equal to or exceeding one-tenth of the total vote cast in such township at the general election next preceding, files a petition with the board of township trustees for proceedings to organize a park district and to establish one or more free public parks within such township, the board shall certify such fact to the court of common pleas of the county, which court, or a judge thereof, shall appoint a board of park commissioners for the township."

This statute provides for the creation of a township park district and the concomitant appointment of a board of park commissioners. Once appointed, the board of park commissioners is a separate body politic. The park district over which the board exercises control must have boundaries that are coterminous with the boundaries of the township, unless the township has ceased to exist since the creation of the park district. R.C. 511.18(B)(1).

In the case *sub judice,* appellees began the process of developing the township park pursuant to the grant of statutory authority contained in R.C. 505.26. For whatever reason, controversy ensued in Mecca Township, and appellants collected the necessary signatures to submit a petition to appellees for the purpose of creating a park district under the auspices of R.C. 511.18. The issue that arose was whether the filing of the R.C. 511.18 petition barred any subsequent action by appellees to build the township park. If so, then the board of park commissioners would presumably go forward with plans to construct the park in Mecca Township. Thus, it was not a question of whether to build the park; rather, it was simply a matter of deciding whether the park would be built and controlled by appellees or by an independent board of park commissioners.

---

1. With regard to the acquisition of land, R.C. 505.261 provides:

 "To acquire suitable lands and materials *to establish a township park* pursuant to section 505.26 of the Revised Code, a board of township trustees may accept a conveyance of, purchase for cash or by installment payments, enter into lease-purchase agreements for, lease with option to purchase, or lease the suitable lands and materials." (Emphasis added.)

When the possibility exists that two statutes are in conflict, R.C. 1.51 provides guidance to the judiciary. It reads:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

In the present case, both parties agree that whatever conflict exists between R.C. 505.26 and 511.18 is not irreconcilable. As a result, to the extent that there is a conflict, the two provisions should be construed so that effect is given to both if possible.

Appellants and appellees part company over how R.C. 505.26 and 511.18 can be interpreted so as to give effect to both. Appellants posit that there is only one possible interpretation that can render both statutes effective as required by R.C. 1.51. Under their view, R.C. 505.26 applies only if the voters of a township have not filed a petition to create a separate park district to be governed by a board of park commissioners. Once such a petition is submitted, R.C. 511.18 *et seq.* becomes the sole method for establishing and maintaining a township park.

In contrast, appellees contend that the authority of a township board of trustees to construct a park pursuant to R.C. 505.26 and 505.261 is wholly separate from the procedure to be employed for establishing a park district under R.C. 511.18 *et seq.* From this perspective, the two statutes coexist without any real conflict. A township board of trustees has the express power to build a park under R.C. 505.26. In a similar vein, if the voters in a given township elect to establish a park district, then a board of park commissioners will be appointed. It would function as an independent governmental entity charged with overseeing the district, including the development of parks within the district.

 The relationship between R.C. 505.26 and 511.18 appears to be a question of first impression. We found no other case in Ohio in which an appellate court was presented with the specific issue as to whether the two statutes are in conflict and, if so, how they should be construed. Although there is no case law on this matter, the Ohio Attorney General's Office issued an advisory opinion in which it took this position:

"[T]he establishment of a board of park commissioners is not a prerequisite to the development of park facilities by the board of township trustees. Only where, pursuant to R.C. 511.18, a petition is filed with the board of township trustees to organize a park district does R.C. Chapter 511 require the appointment of a board of park commissioners. Absent this procedure, a board of trustees, acting within the scope of its statutory power, may establish recreational

facilities without there first being a board of park commissioners." 1976 Ohio Atty.Gen.Ops. No. 76–071, at 2–246.

Appellants contend that this Attorney General opinion supports their position that a township board of trustees may develop a park only when the citizens of the township have not filed a petition under R.C. 511.18. To the contrary, however, this excerpt from the Attorney General's opinion simply advises that the establishment of a park district and the appointment of a board of park commissioners are not prerequisites to the development of park facilities by a township board of trustees. Rather than supporting appellants' position, it lends credence to appellees' view that a board of township trustees may develop a park on its own initiative pursuant to its statutory power under R.C. 505.26.

■ Upon consideration of the question, we conclude that there is nothing in the Revised Code divesting a township board of trustees of its power to build a park after a separate board of park commissioners is created. When interpreting statutory provisions, it is the duty of the courts not to abrogate, defeat, or nullify one statute by the interpretation of another statute. *San Diego v. Elavsky* (1979), 58 Ohio St.2d 81, 86, 12 O.O.3d 88, 91, 388 N.E.2d 1229, 1232–1233; see, generally, 85 Ohio Jurisprudence 3d (1988) 293–294, Statutes, Section 275. If we were to accept appellants' position, we would effectively abrogate the express power of a township board of trustees to construct a park under R.C. 505.26.

■ We further observe that R.C. 505.26 and 511.18 do not conflict as much as they overlap. R.C. 505.26 is unambiguous in giving township trustees the authority to build a township park. If a petition to create a park district is filed pursuant to R.C. 511.18, then the board of park commissioners would likewise have the ability to establish a park or parks within the township. Both governmental entities have been given the ability to develop parks by the General Assembly; neither a board of trustees nor a board of park commissioners is excluded from exercising its power simply because the other one also intends to construct a park.

As proof of this, R.C. 511.32 specifically contemplates the possibility that some parks within a township could be under the control of the board of trustees, while other parks might be supervised by the board of park commissioners. It states in part:

"The board of township trustees of any township having within its limits a public park, public square, or grounds devoted to public uses for park purposes, *and which are not under the control of a board of park commissioners*, may:

"(A) Control, care for, grade, and improve any such park, square, or grounds;

" * * *

"(F) Protect and preserve to public uses for park purposes all of such property and improvements, and, to that end, adopt bylaws, rules, and regulations for the government and control of any such park, square, or grounds * * *." (Emphasis added.)

Thus, in the present case, the trial court did not err by denying appellants' request for an injunction commanding appellees to halt their development of the township park. Appellees have the authority to construct the park pursuant to R.C. 505.26. For this reason, appellants' first assignment is without merit.

In their second assignment of error, appellants contend that the trial court erred by accepting the August 1995 resolution passed by appellees as proof that appellees were exercising power under R.C. 505.26. According to appellants, the language of the resolution had to include an explicit reference to R.C. 505.26 as being the statutory basis for the legislation.

Upon review, we do not agree that when a township board of trustees passes a resolution, it must include a specific citation to a Revised Code section within the text of the resolution. It is obvious that appellees had the authority to enact the August 1995 resolution under R.C. 505.26. There is no suggestion that appellees acted outside their statutory powers by commencing the acquisition of land for the development of the township park. As such, appellants' second assignment is meritless.

Based on the foregoing analysis, appellants' two assignments of error are not well taken. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.