Defendant-appellant, Frank Spina, appeals from a judgment of the Butler County Juvenile Court granting a Civ.R. 60(B) motion for relief from judgment filed by the Butler County Child Support Enforcement Agency (CSEA). We affirm.
Appellant and plaintiff-appellee, Deborah Vlahos, were married in Colorado and three children were born as issue of the marriage, Christopher, born February 1, 1973, and Angela and Adrienne, born November 7, 1975. The marriage failed and the parties entered into a separation agreement and were subsequently divorced on January 21, 1981. Pursuant to the terms of the separation agreement, the three children resided with appellee in Colorado and appellant was ordered to directly pay appellee three hundred sixty dollars ($360) per month for the support of the three minor children. Said support was to continue until any of the following events occurred:
A. Death of the child being supported;
 B. Attainment of the age of twenty-one (21) of the child being supported, unless Angela, Adrienne or Christopher Spina, due to mental or physical disability the child are still dependent upon [appellee] for support and care. Then, for whichever child is still dependent, child support payments shall continue until such disability and need for support ends;
C. The marriage of the child being supported;
 D. The engagement of the child being supported in active military service for a period in excess of sixty (60) days;
 E. The emancipation of the child being supported; or
 F. Further order of Court, whichever of the above events occurs first.
Appellant was current with the support payments until 1984. After 1984, appellant did not make full payments and an arrearage accrued. Beginning sometime in 1984, Christopher began to live with appellant in Ohio. Additionally, in 1995, Angela also came to Ohio to live with appellant.
In 1995, appellee instituted a Uniform Reciprocal Enforcement of Support Act (hereinafter URESA) action from Colorado in the Common Pleas Court of Butler County requesting payment of child support for Angela only. Although the record is unclear, it appears that child support for Adrienne was not requested because Adrienne was already emancipated. On October 26, 1995, the court found that Angela was emancipated and that appellant owed no further child support. The court also found that appellant had an arrearage on child support. On March 27, 1996, the court issued an order finding appellant owed on the arrearage and ordering mandatory withholding until the arrearage was satisfied. On May 16, 1996, CSEA filed a Civ.R. 60(B) motion to set aside the October 26, 1995 entry arguing that the prosecutor made a mistake and that appellant failed to bring relevant information to the court's attention. On December 6, 1996, the court granted CSEA's Civ.R. 60(B) motion ruling that "Ohio is without jurisdiction to determine issue of emancipation. Parties must obtain said determination from the Colorado court."
Appellant has failed to set forth assignments of error for our review and has instead set forth "issues" for our consideration. Pursuant to App.R. 16(A)(3), appellant is required to present assignments of error for review. However, in the interest of justice, we will we will consider the issues argued by appellant as if they were assignments of error. Gurr v. Broshear (Apr. 14, 1997), Butler App. No. CA96-10-201, unreported, at 3. The essence of appellant's argument is that the trial court had jurisdiction to make a finding of emancipation and that the court erred in granting appellee's Civ.R. 60(B) motion to set aside the October 26, 1995 judgment.
The present form of URESA was initially adopted by Ohio in 1971 as R.C. 3115.01 et seq. This statutory scheme sets forth a procedure by which a resident of another state can enforce a support order, rendered by another state court, against a resident of Ohio. R.C. 3115.08 provides that "all duties of support, including duty to pay arrearages, are enforceable by a proceeding under section 3115.01 to 3115.34." In interpreting this statute, the Ohio Supreme Court has held that a court of this state must follow the existing support order from the foreign state. San Diego v. Elavsky (1978), 58 Ohio St.2d 81, 84. Accordingly, an Ohio responding court in a URESA action does not have the authority to modify an original support order issued by an initiating state, but can only enforce the support order. Jacobs v. Jacobs (1988), 62 Ohio App.3d 271. (Emphasis added.)
Appellant argues that because Angela is over eighteen and has graduated from high school Ohio law applies and she should be considered emancipated. Emancipation refers to releasing a minor child from parental control. Price v. Price (1983), 12 Ohio App.3d 42,43. The question of whether or not a child is emancipated so as to relieve a parent of his support obligation depends on the facts of each case. Id.
According to the terms of the separation agreement, appellant's obligation to support his children ended when the first of several events happened including when the children reached the age of twenty-one or the children were emancipated. Pursuant to R.C. 3109.01 the age of majority is eighteen years of age. However, the age to which an obligor must pay child support may be extended by agreement. Bugay v. Bugay (1977), 53 Ohio App.2d 285,288.
Accordingly, appellant's argument must fail because while the age of majority in Ohio is eighteen, "emancipation" is not an automatic happening upon the child's eighteenth birthday and graduation from high school. To make a finding of emancipation, the finder of fact must look at the facts and circumstances and determine whether the child is no longer in need of support from the parents.
In the case at bar, the trial court made a factual finding that Angela was emancipated and terminated appellant's obligation to pay child support. Pursuant to URESA, the trial court did not have the subject matter jurisdiction to make this finding. Accordingly, the trial court's finding that Angela was emancipated is void ab initio.
Furthermore, a Civ.R. 60(B) motion is not the proper means to challenge subject matter jurisdiction. Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus. "The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio Courts." Id. In the instant case, the trial court's initial finding that Angela was emancipated was void ab initio. The trial court did not have the jurisdiction to make a finding of fact which would modify a support obligation under a URESA action. Accordingly, regardless of the improper use of a Civ.R. 60(B) motion, the court was required pursuant to its `inherent power' to vacate its initial judgment. Id.
Appellant's arguments are not well-taken and we affirm the judgment of the trial court.
KOEHLER and WALSH, JJ., concur.