S. POWELL, P.J.
{¶ 1} Appellant, the biological father of S.C.R. ("Father"), appeals the decision of the Clinton County Court of Common Pleas, Juvenile Division, dismissing his complaint for custody of S.C.R. upon finding it lacked subject matter jurisdiction to rule on the complaint pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") as codified in Ohio under R.C. Chapter 3127. For the reasons outlined below, we affirm.
{¶ 2} On August 21, 2016, appellee, S.C.R.'s biological mother ("Mother"), gave birth to S.C.R. in Las Vegas, Nevada. Approximately two months later, on October 11, 2016, Father filed a "Complaint for Paternity" with the juvenile court claiming he was S.C.R.'s biological father.[1] Several months later, on February 28, 2017, a juvenile court magistrate issued an order finding paternity was established in that genetic testing proved Father was S.C.R.'s biological father. The juvenile court later affirmed and adopted the magistrate's decision on March 1, 2017. Neither party appealed from the juvenile court's decision.
{¶ 3} On April 26, 2017, eight months after Mother gave birth to S.C.R. in Nevada, Father filed a "Complaint for Custody" with the juvenile court. In support of his complaint, Father alleged that Mother had "moved to Las Vegas Nevada prior to the birth of the minor child" and that "the minor child, [S.C.R.], was born in Las Vegas, Nevada on 8/21/2016." That same day, Father also filed an affidavit of child custody information. As part of this affidavit, Father swore to the fact that S.C.R. was then residing with Mother, and had always resided with Mother, at 7545 Oso Blanca Road, Apartment 3053, Las Vegas Nevada, 89149. Shortly after receiving Father's complaint, the juvenile court appointed a special process server to perfect service on Mother in Nevada. The juvenile court then scheduled the matter for a pretrial hearing before a juvenile court magistrate.
{¶ 4} On June 28, 2017, Father moved for a continuance after service on Mother in Nevada proved unsuccessful. As part of *12 this motion, Father included a certificate of service certifying that a copy of his motion was sent to Mother at 7545 Oso Blanca Road, Apartment 3053, Las Vegas, Nevada 89149 "by mailing the same on the date of filing." Finding Father's motion well-taken, the juvenile court rescheduled the pretrial hearing on Father's complaint for custody. Father thereafter moved for yet another continuance after personal service on Mother in Nevada again proved unsuccessful. The juvenile court never ruled on Father's motion.
{¶ 5} On September 12, 2017, despite Father's claims that service of his complaint for custody had not yet been perfected on Mother, the magistrate issued a decision dismissing Father's complaint for want of subject matter jurisdiction. In so holding, the magistrate stated, in pertinent part, the following:
The magistrate early-on in this case expressed concern whether the Uniform Child Custody Jurisdiction and Enforcement Act informed against this court having jurisdiction to decide a custody case. Upon review of the facts in this case as indicated in the pleadings and prior hearings, the magistrate notes that the subject child lived in the State of Nevada with the child's mother since birth (8/21/2016). The child has now been in Nevada for over a year. The subject child never lived in Ohio.
The magistrate decides that under the UCCJEA ( R.C. section 3127.01 et seq. ), Ohio courts have no jurisdiction to determine custody of [S.C.R.]. Nevada is the home state.
{¶ 6} On September 26, 2017, Father filed an objection to the magistrate's decision arguing the magistrate's decision constituted an abuse of discretion in that the decision was against the manifest weight of the evidence. In support, although previously swearing to the fact as part of his affidavit for custody information that S.C.R. was then residing with Mother, and had always resided with Mother, at 7545 Oso Blanca Road, Apartment 3053, Las Vegas Nevada, 89149, Father argued the magistrate's decision finding S.C.R. had lived in Nevada with Mother in the eight months preceding when he filed his complaint for custody was pure speculation. The juvenile court denied Father's objection on October 10, 2017.
{¶ 7} Father now appeals from the juvenile court's decision, raising the following single assignment of error for review.[2]
{¶ 8} THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT FOR CUSTODY WITHOUT TAKING ANY TESTIMONY REGARDING JURISDICTION.
{¶ 9} In his single assignment of error, Father argues the juvenile court erred by dismissing his complaint for custody without taking any testimony or evidence as to whether it had subject matter jurisdiction to rule on the complaint. We disagree.
{¶ 10} This appeal addresses the application of the UCCJEA in determining whether the juvenile court had subject matter jurisdiction to rule on Father's complaint for custody. The UCCJEA was drafted to avoid jurisdictional conflicts and *13 competition between different states in child custody litigation. Powers-Urteaga v. Urteaga , 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, 2015 WL 3824396, ¶ 13 ; Berube v. Berube , 5th Dist. Stark No. 2017CA00102, 2018-Ohio-828, 2018 WL 1168722, ¶ 10 ("[t]he UCCJEA was drafted by the National Conference of Commissioners on Uniform State Laws to resolve interstate custody disputes and to avoid jurisdictional competition with courts of other jurisdiction"). The intent of the UCCJEA was to ensure that a state court would not exercise jurisdiction over a child custody proceeding if a court in another state was already exercising jurisdiction over the child in a pending custody proceeding. Rosen v. Celebrezze , 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 20-21. Ohio is one of over 40 states to have adopted the UCCJEA. In re N.R. , 7th Dist. Mahoning No. 09 MA 85, 2010-Ohio-753, 2010 WL 708987, ¶ 11. Nevada is also one of those states to have adopted the UCCJEA. Kar v. Kar , 378 P.3d 1204, 1204 (Nev. 2016).
{¶ 11} The UCCJEA, which was adopted by the General Assembly in 2004 and became effective in 2005, is codified in Ohio under R.C. Chapter 3127.[3] As part of this chapter, R.C. 3127.15(A)"provides four types of initial child-custody jurisdiction: home-state jurisdiction, significant-connection jurisdiction, jurisdiction because of declination of jurisdiction, and default jurisdiction." Celebrezze , 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, at ¶ 31. Specifically, pursuant to R.C. 3127.15(A) :
(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum * * * and both of the following are the case:
(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child * * *.
(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.
{¶ 12} It is well-established that custody matters are generally reviewed *14 under an abuse of discretion standard. In re A.G.M. , 12th Dist. Warren No. CA2011-09-095, 2012-Ohio-998, 2012 WL 764908, ¶ 14, citing Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, "[a]n appellate court reviews de novo a [juvenile] court's determination regarding the existence of subject matter jurisdiction, that is whether the trial court has or lacks jurisdiction in the first place[.]" Urteaga , 2015-Ohio-2465 at ¶ 15 ; Mulatu v. Girsha , 12th Dist. Clermont No. CA2011-07-051, 2011-Ohio-6226, 2011 WL 6017968, ¶ 26 ("an appellate court reviews de novo the decision of the [juvenile] court regarding the existence of subject matter jurisdiction, because such a determination is a matter of law"); Crable v. Ohio Dept. of Youth Servs. , 10th Dist. Franklin No. 09AP-191, 2010-Ohio-788, 2010 WL 740141, ¶ 8 ("[a]n appellate court reviews an appeal of a dismissal for lack of subject-matter jurisdiction under a de novo standard of review").
{¶ 13} Because the issue in this case is whether the juvenile court could properly exercise subject matter jurisdiction to rule on Father's complaint for custody, not whether the juvenile court erred and abused its discretion in declining to exercise that jurisdiction based on, among others, an inconvenient forum, a de novo standard of review applies. Urteaga at ¶ 15. "In conducting a de novo review, this court independently reviews the record without giving deference to the [juvenile] court's decision." Dinan v. Dinan , 12th Dist. Warren No. CA2013-09-082, 2014-Ohio-3882, 2014 WL 4402127, ¶ 13.
{¶ 14} As noted above, Father argues the juvenile court erred by dismissing his complaint for custody without taking any testimony or evidence as to whether it had subject matter jurisdiction to rule on the complaint. In reviewing Father's brief submitted to this court, there can be no dispute that if the juvenile court had subject matter jurisdiction that said jurisdiction would be conferred upon the juvenile court in accordance with R.C. 3127.15(A)(1). Again, pursuant to that statute, "an Ohio court can exercise its jurisdiction if Ohio is the home state of the child when the proceeding is commenced, or if Ohio is the child's home state 'within six months before the commencement of the proceeding' and the child is absent from Ohio but a parent or person acting as a parent continues to live in Ohio." Girsha , 2011-Ohio-6226 at ¶ 28.
{¶ 15} In applying R.C. 3127.15(A)(1) to this case, and in reviewing Father's arguments advanced on appeal, the only question in dispute is whether Ohio is S.C.R.'s "home state" either (1) when Father filed his complaint for custody, or (2) within six months before Father filed his complaint for custody. Based on the plain language of R.C. 3127.15(A)(1), these jurisdictional requirements must be met at the time when the complaint for custody was filed with the juvenile court, irrespective of what may have occurred subsequent to that filing.
{¶ 16} After a full and thorough review of Father's complaint for custody and custody affidavit of custody information, it is clear that Ohio is not and never has been S.C.R.'s "home state" as that term is defined by R.C. 3127.01(B)(7). Rather, just as the juvenile court found, it is Nevada, not Ohio, that was S.C.R.'s "home state" at the time Father filed his complaint for custody. This is true even though the juvenile court did not take any testimony or evidence prior to issuing its decision dismissing Father's complaint. Therefore, because the juvenile court lacked subject matter jurisdiction to make an initial determination regarding custody of S.C.R. in accordance with R.C. 3127.15(A)(1), the juvenile *15 court's decision to dismiss Father's complaint was proper.
{¶ 17} As defined by R.C. 3127.01(B)(7), the term "home state" means "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them." In other words, as noted by this court previously, "[a] child's 'home state' is one where he or she lived with a parent for at least six consecutive months prior to the commencement of the custody or visitation proceeding." Asburn v. Roth , 12th Dist. Butler Nos. CA2006-03-054 and CA2006-03-070, 2007-Ohio-2995, 2007 WL 1731426, ¶ 13 ; In re E.G. , 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495, 2013 WL 588756, ¶ 14 ("a child's home state is where the child lived for six consecutive months ending within the six months before the child custody proceeding was commenced").
{¶ 18} The record in this case, which, as noted above, includes only Father's complaint for custody and affidavit of custody information, conclusively establishes that Mother has resided with S.C.R. in Nevada, not Ohio, after she gave birth to S.C.R. in Nevada on August 21, 2016. Therefore, based on Father's complaint for custody and affidavit of custody information, there can be no dispute that S.C.R. had lived with Mother in Nevada for eight months preceding when Father filed his complaint for custody on April 26, 2017. This is true despite the fact that Mother only left Ohio and moved to Nevada two weeks prior to giving birth to S.C.R. "R.C. Chapter 3127, 'gives jurisdictional priority and exclusive continuing jurisdiction' to a child's 'home state.' " In re A.O. , 2d Dist. Montgomery Nos. 25807 and 25996, 2014-Ohio-527, 2014 WL 603371, ¶ 8, quoting Celebrezze , 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, at ¶ 21. Therefore, because S.C.R. was born in Nevada, the state where S.C.R. has lived with Mother ever since, it is Nevada, not Ohio, that is S.C.R.'s "home state" as that term is defined by R.C. 3127.01(B)(7).
{¶ 19} Father nevertheless argues the juvenile court's decision finding S.C.R. had lived in Nevada with Mother since his birth is pure speculation. However, as a simple review of the record reveals, Father himself listed Mother's address as 7545 Oso Blanca Road, Apartment 3053, Las Vegas, Nevada 89149 on each of his filings with both the juvenile court and this court. As noted above, this includes Father's affidavit of child custody information attached to his complaint for custody filed with the juvenile court, as well as his notice of appeal and brief submitted to this court, thus giving little credence to Father's claim that Mother and S.C.R.'s whereabouts are generally unknown.
{¶ 20} In so holding, we note that the magistrate in this case reached its decision based on the "pleadings and prior hearings." The magistrate, however, in conjunction with the juvenile court, needed to go no further than the pleadings to reach this decision. Plainly stated, Father alleged in his complaint for custody, and thereafter swore in his affidavit of custody information, facts conclusively establishing subject matter jurisdiction in Nevada, not Ohio, in accordance with R.C. 3127.15(A)(1). This case should have been, and hereby is, dismissed pursuant to Civ.R. 12(H)(3). Pursuant to that rule, "[w]henever it appears * * * otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.) This court, therefore, need not reach any other argument raised by Father within his single assignment of error herein.
*16 {¶ 21} In reaching this decision, we note that Mother never filed a motion to dismiss Father's complaint for custody pursuant to Civ.R. 12(B)(1) with the juvenile court. However, although Mother never filed a motion to dismiss Father's complaint, "[i]t is axiomatic that subject-matter jurisdiction cannot be waived and may be raised sua sponte by the trial court." In re Appeal of Hollingsworth Media Group, Inc. , 10th Dist. Franklin No. 09AP-724, 2009-Ohio-6484, 2009 WL 4698430, ¶ 15 ; State ex rel. Bond v. Velotta Co. , 91 Ohio St.3d 418, 419, 746 N.E.2d 1071 (2001) ("subject matter jurisdiction cannot be waived and may be raised by us sua sponte"); Critzer v. Critzer , 8th Dist. Cuyahoga No. 90679, 2008-Ohio-5126, 2008 WL 4436777, ¶ 8 ("subject matter jurisdiction may be raised by the parties to the case or otherwise"). That is because, as noted by the Ohio Supreme Court, "subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case[.]" Celebrezze , 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, at ¶ 45.
{¶ 22} It is well-established that subject matter jurisdiction "may not be conferred by agreement of the parties or waived, and is the basis for mandatory, sua sponte dismissal either at the trial court or on appeal." In re B.M. , 4th Dist. Hocking, 2017-Ohio-7878, 98 N.E.3d 9, ¶ 8, citing Keeley v. Stoops , 7th Dist. Belmont No. 13 BE 23, 2014-Ohio-4161, 2014 WL 4672480, ¶ 10. Therefore, in accordance with Civ.R. 12(H)(3), and based on the case law applying the UCCJEA as codified in Ohio under R.C. Chapter 3127, once the juvenile court determined that it lacked subject matter jurisdiction based on Father's complaint for custody and affidavit of custody information, the juvenile court was required to the dismiss Father's complaint for want of subject matter jurisdiction. Nord Community Mental Health Ctr. v. Lorain Cty. , 93 Ohio App.3d 363, 365, 638 N.E.2d 623 (9th Dist. 1994). This is true despite the fact that service, personal or otherwise, was never perfected on Mother.
{¶ 23} The juvenile court in this case "had no authority to exercise jurisdiction in this matter, and if it had attempted to do so, its judgments would have been void as a matter of law." McDaniel v. McDaniel , 12th Dist. Warren No. CA2006-12-142, 2007-Ohio-4220, 2007 WL 2350124, ¶ 18. The juvenile court, therefore, did not err by dismissing Father's complaint for custody upon finding it lacked subject jurisdiction to rule on his complaint pursuant to the UCCJEA as codified in Ohio under R.C. Chapter 3127, specifically R.C. 3127.15(A)(1). Accordingly, because the juvenile court did not err by dismissing Father's complaint for custody for lack of subject matter jurisdiction, Father's single assignment of error lacks merit and is overruled. This decision is rendered without prejudice to Father and should in no way be construed as precluding Father from seeking his desired relief in the appropriate forum; Ohio is not that forum.
{¶ 24} The dissent claims that the majority's decision in this case "holds if subject matter jurisdiction is disputed, as a matter of law, the case must be dismissed." That is not this court's holding. Applying the plain language found in R.C. 3127.15 to the record properly before this court, and in looking back six consecutive months immediately preceding the date when Father filed his complaint for custody, Mother has resided with S.C.R. in Nevada, not Ohio, thereby rendering Nevada S.C.R.'s "home state" as that term is defined by R.C. 3127.01(B)(7). Father cannot contradict his own allegations to create a fact dispute. Neither Father nor S.C.R. are in "no-man's land." Therefore, because the juvenile court properly dismissed Father's *17 complaint for custody upon finding it lacked subject matter jurisdiction to rule on the same, the juvenile court's decision must be affirmed.
{¶ 25} Judgment affirmed.
M. POWELL, J., concurs.
PIPER, J., dissents.

As part of his appellate brief and oral argument before this court, Father alleged that he filed both a complaint for paternity and a complaint for custody with the juvenile court on October 11, 2016. The record does not support Father's claim.

The record indicates Mother filed a brief with this court on May 23, 2018. However, because Mother's brief did not contain a certificate of service, this court notified Mother that her brief would be stricken from the record if service was not completed as this court instructed. Mother, who at all times was appearing pro se, never filed any documentation with this court indicating she complied with this court's instructions regarding service. Mother's brief will therefore not be considered by this court in rendering this decision.

A thorough discussion of the legislative history behind the General Assembly's passage of the UCCJEA as codified in R.C. Chapter 3127 can be found in this court's decision in Mulatu v. Girsha , 12th Dist. Clermont No. CA2011-07-051, 2011-Ohio-6226, 2011 WL 6017968.