[Cite as *In re A.D.*, 2019-Ohio-3212.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In re A.D., T.D.                                    Court of Appeals No. L-18-1151

                                                   Trial Court No. JC 18267086



                                                   **DECISION AND JUDGMENT**

                                                   Decided:  August 9, 2019

* * * * *

Karin L. Coble, for appellant.

Joanna M. Orth, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} In this accelerated appeal, D.D. ("appellant") challenges the June 27, 2018

judgment of the Lucas County Court of Common Pleas, Juvenile Division, where

maternal aunt, H. K. ("appellee"), was awarded temporary custody of appellant's two

children, A.D. and T.D. Finding error in the trial court's exercise of jurisdiction, we vacate and remand.

{¶ 2} A.S. was appellant's ex-wife and the mother of his two children. She and appellant divorced in 2013, but maintained a post-marital relationship until January 2018, when she died. The children were born in Michigan and resided there, aside from a period between January and August of 2017. During that time, the children lived in Ohio with A.S. following a domestic dispute between appellant and A.S., which occurred in January 2017. During the dispute, appellant allegedly locked A.S. out of their shared residence and physically harmed A.D.

{¶ 3} Sometime before August 18, 2017, A.S. and the children moved back to Michigan and lived separately from appellant. There is a contention as to when exactly A.S. moved back to Michigan, but for purposes of disposition we find that point of contention irrelevant. The children were enrolled in a Michigan school for the 2017-2018 school year. A.S. and appellant rekindled their relationship, and he remained present and active in her and their children's lives.

{¶ 4} Pursuant to a January 22, 2013 Michigan court order in which A.S. and appellant were granted their divorce, both parties were awarded joint custody of A.D. and T.D. The order has a section entitled "CUSTODY OF CHILDREN," which states: "IT IS FURTHER ORDERED AND ADJUDGED that the parties are awarded joint legal custody of the minor child[ren]. Physical custody of said child[ren] shall be with the Plaintiff/Mother."

2.

**{¶ 5}** The order also reflects that the parties agreed to the following terms:

### DOMICILE/RESIDENCE OF MINOR CHILDREN

Upon every change of residence or address of any minor child mentioned herein, the person having custody of such child shall promptly notify the Friend of the Court thereof in writing, stating the new address with like particularity as noted above. THE DOMICILE OF ANY MINOR CHILD MENTIONED HEREIN SHALL NOT BE REMOVED FROM THE STATE OF MICHIGAN * * * WITHOUT THE PRIOR WRITTEN CONSENT OF THIS COURT.

### 100 MILE RULE

A parent who has custody or parenting time of a child as governed by this Order shall not change the legal residence (domicile) of the child outside the region agreed upon above except in compliance with Section 11 of the Child Custody Act of 1970, 1970 PA 91, MCL 722.31.

**{¶ 6}** Subsequently, A.S. and appellant petitioned the same Michigan court to expand the terms of the January 22, 2013 order. As a result, the court issued a June 13, 2013 order, which states as follows:

Exchange of the children for parenting time shall take place at the gas station at Exit 1 on Rte 23. Mother shall be allowed to change domicile to the State of Ohio as long as that domicile is within 100 miles of the Courthouse in the City of Monroe. Father shall advise mother when his

counselling is concluded. There shall be no use or possession of alcohol or illegal drugs during contact with the minor children.

{¶ 7} As of September 2017, appellant's visitation with A.D. was "as agreed upon by the parties[,]" and his visitation with T.D. was during the week, every other weekend, holidays, and four weeks of summer. According to appellant, his relationship with A.S. and the children remained positive and consistent.

{¶ 8} January 26, 2018 is the day A.S. died from injuries sustained in a motorcycle accident while riding with appellant. He was the driver and was allegedly intoxicated. This is the same night A.S.'s sister, appellee H.K., retrieved the children from Michigan and brought them to Maumee. Appellant remained hospitalized with a traumatic brain injury for approximately two weeks.

{¶ 9} On February 9, 2018, appellee H.K. filed an *ex parte* emergency petition for custody of the children in the trial court. An emergency hearing was held on February 13, 2018, and appellee was granted temporary custody.

{¶ 10} During the hearing the trial court acknowledged that appellant had filed, in Jackson County, Michigan Probate Court, a petition to suspend his parental rights and for his mother, J.W., to be appointed as a limited guardian over the children. In open court the magistrate specifically told appellant's counsel to advise the grandmother to inform the Michigan court that Ohio had exercised emergency jurisdiction over the children. The Michigan petition was subsequently withdrawn or dismissed, but there is no judgment entry in the record indicating a reason why.

4.

{¶ 11} On March 29, 2018, a hearing was held to determine if Ohio had jurisdiction. The magistrate determined it did. Appellant filed objections, but on June 27, 2018, the magistrate's order was affirmed by the trial court.

{¶ 12} Appellant timely appeals, setting forth the following assigned error:

I. The trial court clearly and unambiguously lacks subject matter jurisdiction pursuant to the UCCJEA and the PKPA.

Appellee contends the court was properly vested with jurisdiction.

{¶ 13} In order for Ohio to have jurisdiction in this matter, the procedural requirements of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") must be satisfied. *See* R.C. 3127.01-3127.53. The Supreme Court of Ohio has summarized the relevant sections of the UCCJEA, R.C. 3127.18(C) and (D), as follows: "[I]f a child-custody proceeding has been started in another state, the court must immediately communicate with the court of the other state to resolve the emergency, protect the safety of the parties and the child, and set a period for the duration of the temporary order." *See State ex rel V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 13.

{¶ 14} Moreover, R.C. 3127.09 mandates that "'a record shall be made' of this communication, except for matters concerning scheduling, calendars, and court records, and the parties shall be promptly informed of the communication and granted access to said record." *In re E.G.*, 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495, ¶ 15, citing R.C. 3127.09(C)-(D). "When two states communicate and ascertain the availability of a forum

5.

to exercise jurisdiction, it fulfills the * * * UCCJEA." *In re S.C.R.*, 2018-Ohio-4063, 121 N.E.3d 10, ¶ 45 (12th Dist.).

{¶ 15} To illustrate we first point to *Smith*, where the Supreme Court of Ohio held that the court lacked jurisdiction because there was no evidence that (1) the court communicated with Arizona to resolve the child custody emergency, or that (2) the temporary order had a specified set period of duration. *Smith* at ¶ 22. V.K.B. obtained sole custody of her daughter in Ohio, and later relocated to Arizona. *Id.* at ¶ 2. After living in Arizona for approximately two years, V.K.B. visited family in Ohio and temporarily left her daughter in their care. *Id.* The child's paternal grandfather subsequently filed and was awarded emergency, temporary custody in Ohio. *Id.* The order was in effect "until a full and fair hearing may be held." *Id.* at ¶ 14. V.K.B. commenced a child-custody-enforcement action in Arizona during that time period and appealed the judgment in Ohio. *Id.* The *Smith* court reversed in favor of V.K.B. *Id.* at ¶ 29.

{¶ 16} To distinguish from *Smith*, we point to *In re A.G.M.*, where the appellate court found sufficient communication occurred between the Ohio and Michigan courts. *In re A.G.M.*, 12th Dist. Warren No. CA2011-09-095, 2012-Ohio-998, ¶ 23. Ohio communicated with Michigan and sent it a proposed journal entry to set forth the decision reached that Michigan will decline jurisdiction. *Id.* Michigan confirmed that position was accurate, and the confirmation was in the record. *Id.* The court held that this was the

6.

type of communication the statute anticipated, and that the communication was properly recorded in compliance with R.C. 3127.09. *Id.* The Ohio court was held to have satisfied the UCCJEA's procedural requirements. *Id.* at ¶ 29-30.

{¶ 17} Applying the law as demonstrated in *Smith* and *In re A.G.M.*, we find no evidence in this case that Ohio properly communicated with Michigan about jurisdiction, despite the fact that the trial court acknowledged that custody had been determined and that a petition for limited guardianship was filed in Michigan. The record reveals the magistrate, on February 8, 2018, and in open-court, specifically requested that appellant's counsel "advise [the paternal grandmother] that when the guardianship hearing comes up [in Michigan], that she notify them that Ohio has exercised its emergency jurisdiction * * *." We find this open-court request displays knowledge of Michigan's jurisdiction and, further, considering there is no evidence showing Michigan was informed or notified, is insufficient to conclude the required communication occurred. Additionally, we note the court failed to set a period of duration in the June 27, 2018 temporary order. *Smith* at ¶ 13, *supra*.

{¶ 18} Accordingly, we find Ohio lacked jurisdiction to properly grant temporary custody of appellant's children to appellee, and appellant's sole assignment of error is well-taken.

## Conclusion

{¶ 19} The June 27, 2018 judgment of the Lucas County Court of Common Pleas, Juvenile Division, is vacated for lack of jurisdiction and remanded for the trial court to

7.

proceed in a manner consistent with this opinion. Appellee is ordered to pay the costs of

this appeal pursuant to App.R. 24.

Judgment vacated and
matter remanded**.**

       A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                 _____

                                               JUDGE

Thomas J. Osowik, J.

                                   _____

Christine E. Mayle, P.J.                        JUDGE
CONCUR.

                                   _____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.