[Cite as *State ex rel. D.D. v. Lucas Cty. Court of Common Pleas*, 2019-Ohio-3261.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio, ex rel. D.D.                                   Court of Appeals No. L-19-1169

       Relator

v.

Lucas County Court of Common Pleas,
Juvenile Division and The Hon.
Judge Connie Zemmelman and
Magistrate Nedal Adya                                         **<u>DECISION AND JUDGMENT</u>**

       Respondents                                          Decided:  August 14, 2019

* * * * *

Erik G. Chappell, Amy M. Waskowiak and Karin L. Coble,
for relator.

* * * * *

**ZMUDA, J.**

{¶ 1} On August 13, 2019, relator, D.D., filed a "verified petition for writ of

habeas corpus and for writ of prohibition," seeking a writ of prohibition restraining

respondents, the Lucas County Court of Common Pleas, Juvenile Division, Hon. Connie

Zemmelman, and Magistrate Nedal Adya, from exercising jurisdiction over the custody of his children, A.D. and T.D., and a writ of habeas corpus ordering the children transferred into his custody.

{¶ 2} According to his petition, relator was named joint legal custodian over the children pursuant to a January 2013 consent judgment of divorce issued by the Monroe County Circuit Court, Family Division. The consent entry, a copy of which is attached to relator's petition, reveals that physical custody of the children was awarded to the children's mother, A.S. Tragically, A.S. died on January 26, 2018, as a result of a motorcycle accident that also seriously injured relator.

{¶ 3} Relator states in his petition that the children's maternal uncle retrieved the children from Michigan and transported them without relator's permission to Ohio one day after the accident, while relator remained in the hospital in critical condition. On February 9, 2018, one day prior to relator's release from the hospital, the children's maternal aunt, H.K., filed an ex parte emergency petition for emergency temporary custody in the Lucas County Court of Common Pleas, Juvenile Division. A hearing was held, and H.K. was granted emergency temporary custody.

{¶ 4} Relator appealed the juvenile court's decision and, on August 9, 2019, we issued our decision vacating the trial court's exercise of jurisdiction in this matter based upon our finding that the court failed to comply with certain procedural requirements under the Uniform Child Custody Jurisdiction and Enforcement Act. Specifically, we found that the juvenile court failed to properly communicate with the state of Michigan

2.

prior to exercising jurisdiction, despite its knowledge that custody had already been determined and a petition for limited guardianship was pending in Michigan. *In re A.D., T.D.*, 6th Dist. Lucas No. L-18-1151, 2019-Ohio-3212, ¶ 17. Because the juvenile court did not possess jurisdiction to grant temporary custody of the children to H.K., we vacated the order and "remanded for the trial court to proceed in a manner consistent with this opinion." *Id.* at ¶ 19.

{¶ 5} On August 12, 2019, the children's guardian ad litem filed a request to have temporary custody of the children assigned to H.K. The juvenile court granted the request on the same day, ordering immediate possession and temporary custody of the children to H.K. The court then set the matter for an emergency hearing on August 13, 2019 at 3:30 p.m. Notably, on August 13, 2019, we issued an errata that removed the aforementioned remand language from our decision in *In re A.D., T.D.*, thereby clarifying that the juvenile court was without jurisdiction to conduct further proceedings in this matter.

{¶ 6} In order to be entitled to his requested writ of prohibition, relator must establish that "(1) respondents are about to or have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law." *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 9, citing *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18 and 23, and *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

3.

"When the lack of jurisdiction is 'patent and unambiguous,' the lack of an adequate remedy is considered established, as the unavailability of alternate remedies is immaterial in such a case. *Id.*, citing *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 7} It is clear in this case that respondents have exercised, and are prepared to continue to exercise, judicial power. Such action is being taken despite our conclusion that the juvenile court lacks jurisdiction over this matter. Absent jurisdiction to proceed, the juvenile court's action is unauthorized by law. Further, our decision in *In re A.D., T.D.* makes the juvenile court's lack of jurisdiction "patent and unambiguous" such that relator's lack of an adequate remedy is considered established.

{¶ 8} In sum, we find that relator has properly demonstrated that he is entitled to the writ of prohibition he seeks. Therefore, we hereby issue a peremptory writ of prohibition and order respondents to refrain from conducting further custody proceedings in this matter. Further, relator's request for a writ of habeas corpus is allowed.

{¶ 9} Respondents are ordered to file a return of writ within three days of the date of service of this writ of habeas corpus. Relator may file a response to the return within three days of the date of service of the return upon him.

{¶ 10} The clerk of court, whom the court hereby specially authorizes to perfect service in this case, shall immediately serve, upon the respondents by personal service, a copy of this alternative writ pursuant to R.C. 2731.08, and the clerk shall verify, by

4.

affidavit, the time, place, and manner of service and file such verification upon completion of the service.

{¶ 11} The clerk is further directed to immediately serve upon all other parties a copy of this alternative writ in a manner prescribed by Civ.R. 5(B).

{¶ 12} It is so ordered.

Writ of prohibition granted.

Thomas J. Osowik, J.                       _____
JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                      _____
CONCUR.                                       JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.